IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RUDY ELIAS MARTINEZ,** ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> ) <br> **BEN CURRY,** ) <br> ) <br> Respondent. ) <br> ) <br> _____ ) | 1:07-cv-0512-OWW WMW HC <br><br> **ORDER REQUIRING PETITIONER TO INFORM COURT AS TO HOW HE WISHES TO PROCEED WITH CASE** <br><br> **Response due in 30 days** |

      Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

      A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis). Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66, 115 S.Ct. at 888; Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).

In 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act. Pub.L. No 104-132, 110 Stat. 1214. Under the AEDPA, exhaustion can be waived by respondent. 28 U.S.C. § 2254(b)(C). The Court can also excuse exhaustion if "(I) there is an absence of available State corrective process; or (ii) circumstances exist that render such a process ineffective to protect the rights of the application." 28 U.S.C. § 2254(b)(1)(B). In this case, respondent has not waived exhaustion. In addition, California provides avenues for Petitioner to pursue state claims. For example, these claims may be presented in a petition for writ of habeas corpus. See Cal. Penal Code §§ 1473 - 14758. There are not sufficient circumstances in this case for the Court to ignore the United States Supreme Court's admonishment that comity demands exhaustion and find that California's corrective processes are ineffective to protect Petitioner's rights.

In his petition, Petitioner raises the following four contentions: 1) insufficient evidence to support the jury's verdict as to count one; 2) the trial judge, rather than the jury, made findings as to an element of the charged crime; 3) Petitioner was provided with ineffective assistance of counsel; and 4) there was insufficient evidence to support the jury's true finding as to special allegation. According to the information provided in his petition, it appears that Petitioner has exhausted his first and third claims, but not his second or fourth claims. That is, there is no indication in the

petition that Petitioner's second or fourth claim have ever been presented to the California Supreme Court. The claims therefore appear to be unexhausted. The Court must dismiss a petition that contains unexhausted claims, even if it also contains exhausted claims. Rose, 455 U.S. at 521-22, 102 S.Ct. at 1205; Calderon v. United States Dist. Court (Gordon), 107 F.3d 756, 760 (9th Cir. 1997)

Pursuant to Ninth Circuit holdings, a Petitioner should be given the option of withdrawing his unexhausted claims and proceeding in federal court with those claims that are exhausted. Guizar v. Estelle, 843 F.2d 371, 372 (9th Cir. 1988), citing, Rose v. Lundy, 455 U.S. 510, 520 (1982). However, should Petitioner abandon his unexhausted claims, any later attempt to amend the petition to include newly exhausted claims may be subject to an abuse of the writ challenge. See McCleskey v. Zant, 111 S.Ct. 1454 (1991); Rose v. Lundy, 455 U.S. 455 U.S. 510, 520-521 (1982); see also, Rule 9(b), Rules Governing Section 2254 Cases; 28 U.S.C. § 2254 (failure to allege all available grounds for relief in a single petition may be abuse of the writ). Should the Petitioner fail to withdraw the unexhausted claims or withdraw the Petition, the petition will be dismissed. Rose, 455 U.S. at 519; Guizar, 843 F.2d at 372. This dismissal will not bar Petitioner from returning to federal court after exhausting available state remedies. See, Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir.1995). However, Petitioner should bear in mind that 28 U.S.C. § 2244(d) sets out a critical one-year limitations period within which a federal habeas petition may be filed. In most cases, the one year period starts to run on the date the California Supreme Court denied Petitioner's direct review. See, id. Although the limitations period tolls while a properly filed request for collateral review is pending in state court, 28 U.S.C. § 2244(d)(2), is does not toll for the time an application is pending in federal court. Duncan v. Walker, 121 S.Ct. 2120, 531 U.S. 991 (2001).

The Court HEREBY ORDERS:

1. Petitioner is GRANTED thirty (30) days from the date of service of this order to

3

inform the Court whether he seeks to withdraw the unexhausted claims and proceed with those that are exhausted *or* withdraw the entire Petition and return to state court to exhaust those claims that are unexhausted. If Petitioner has additional information regarding the exhaustion of his second or fourth claims, he should provide it to the court.

IT IS SO ORDERED.

**Dated:   May 25, 2007**                              **/s/  William M. Wunderlich**
                                                                       UNITED STATES MAGISTRATE JUDGE