IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RUDY ELIAS MARTINEZ,** | 1:07-cv-0512-OWW WMW HC |
| Petitioner, | ORDER GRANTING MOTION FOR STAY FILED |
| vs. | JANUARY 23, 2008 |
| **BEN CURRY,** | [Doc. 8] |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. . The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

Petitioner has filed a request for the court to stay his case pending the exhaustion of an additional claim in state court. A district court has discretion to stay a petition which it may validly consider on the merits. Rhines v. Weber, ___ U.S. ___, 125 S.Ct. 1528, 1534,

2005 WL 711587 (2005); <u>Calderon v. United States Dist. Court (Taylor)</u>, 134 F.3d 981, 987-88 (9th Cir. 1998); <u>Greenawalt v. Stewart</u>, 105 F.3d 1268, 1274 (9th Cir.), *cert. denied*, 519 U.S. 1102 (1997).  However, the Supreme Court has held that this discretion is circumscribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). <u>Rhines</u>, 125 S.Ct. at 1534. In light of AEDPA's objectives, "stay and abeyance [is] available only in limited circumstances" and "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." <u>Id</u>. at 1535.  Even if Petitioner were to demonstrate good cause for that failure, "the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." <u>Id</u>.

Unfortunately, the <u>Rhines</u> does not discuss what circumstances would constitute "good cause" for a petitioner's failure to exhaust his claims in state court before initiating his federal habeas corpus proceeding.  In the present case, Petitioner states that he now wishes to exhaust claims under new United States Supreme Court case law.  This court is not prepared to find that this does not constitute good cause.  See <u>Fetterly v. Paskett</u>, 997 F.2d 1295, 1301 (9th Cir. 1993) (abused of discretion found when court denied stay to exhaust newly discovered claims).   Further, the fact that Petitioner has already filed his petition with the California Supreme Court  presenting his newly discovered claims weighs towards supporting the AEDPA's objective of encouraging finality and supports  AEDPA's objective of streamlining federal habeas proceedings. <u>Id</u>. at 1534.

Accordingly, Petitioner's motion for stay of the proceedings is hereby GRANTED. Petitioner is HEREBY ORDERED to file a status report regarding his petition now pending in the California Supreme Court on March 1, 2008, and every thirty days thereafter.  In addition, Petitioner shall immediately inform this court when the California Supreme Court rules on his case.

It is further HEREBY ORDERED that Petitioner's motion for a stay filed June 11,

2

2007 [Doc. 6] and motion to proceed with petition filed August 20, 2007 [Doc. 7] are DENIED AS MOOT.

IT IS SO ORDERED.

**Dated:   February 7, 2008**              /s/  William M. Wunderlich
                                           UNITED STATES MAGISTRATE JUDGE

3