1
2
3
4
5
6
7

**IN THE UNITED STATES DISTRICT COURT FOR THE**

8

**EASTERN DISTRICT OF CALIFORNIA**

9
10
11

| | | |
|---|---|---|
| 12 | **RUDY ELIAS MARTINEZ,** ) | **1:07-cv-0512-OWW WMW HC** |
| 13 | **Petitioner,** ) | **FINDINGS AND** |
| | ) | **RECOMMENDATIONS RE** |
| 14 | **vs**. ) | **DISMISSAL OF PETITION** |
| | ) | **FOR FAILURE TO OBEY** |
| 15 | ) | **COURT ORDER** |
| | ) | |
| 16 | **BEN CURRY,** ) | |
| | ) | |
| 17 | **Respondent.** ) | |
| | ) | |
| 18 | _____ ) | |

19
20
21
22

23    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas

24 corpus pursuant to 28 U.S.C. § 2254.  .  The matter was referred to a United States Magistrate

25 Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

26    On February 8, 2008, this court entered an order granting Petitioner's motion for stay

27 of the proceedings and ordering to file a status report regarding his petition now pending in

28 the California Supreme Court on March 1, 2008, and every thirty days thereafter.

1    Additionally, the court ordered Petitioner to immediately inform this court when the

2    California Supreme Court rules on his case.

3           Petitioner did not file a status report on March 1, 2008, and so did not obey this

4    court's order.

5           Local Rule 11-110 provides that "failure of counsel or of a party to comply with these

6    Local Rules or with any order of the Court may be grounds for the imposition by the Court of

7    any and all sanctions . . . within the inherent power of the Court."  District courts have the

8    inherent power to control their dockets and "in the exercise of that power, they may impose

9    sanctions including, where appropriate . . . dismissal of a case."  Thompson v. Housing

10   Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice,

11   based on a party's failure to prosecute an action, failure to obey a court order, or failure to

12   comply with local rules.  See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir.

13   1995)(dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258,

14   1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment

15   of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)(dismissal for failure

16   comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone

17   v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with

18   court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986)(dismissal for failure

19   to lack of prosecution and failure to comply with local rules).

20          In determining whether to dismiss an action for lack of prosecution, failure to obey a

21   court order, or failure to comply with local rules, the court must consider several factors: (1)

22   the public's interest in expeditious resolution of litigation; (2) the court's need to manage its

23   docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition

24   of cases on their merits; and (5) the availability of less drastic alternatives.  Thompson, 782

25   F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at

26   1260-61; Ghazali, 46 F.3d at 53.

27

28                                               2

1    In the instant case, the court finds that the public's interest in expeditiously resolving

2    this litigation and the court's interest in managing the docket weigh in favor of dismissal.

3    The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a

4    presumption of injury arises from the occurrence of unreasonable delay in prosecuting an

5    action.  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public

6    policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in

7    favor of dismissal discussed herein.

**RECOMMENDATION**

9    Accordingly, the court HEREBY RECOMMENDS that this action be DISMISSED

10   for Petitioner's failure to comply with a court order.

11   These Findings and Recommendations are submitted to the United States District

12   Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within

13   thirty days after being served with these findings and recommendations, plaintiff may file

14   written objections with the court.  Such a document should be captioned "Objections to

15   Magistrate Judge's Findings and Recommendations."  The parties are  is advised that failure

16   to file objections within the specified time may waive the right to appeal the District Court's

17   order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

22   IT IS SO ORDERED.

23   **Dated:    March 17, 2008**                      /s/  **William M. Wunderlich**
                                                         UNITED STATES MAGISTRATE JUDGE